# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | 8:15CR178 |
| vs. | ) | FINDINGS AND |
| | ) | RECOMMENDATION |
| BRIAN ROBINSON and | ) | |
| KIMBERLY SANTIAGO ROBINSON, | ) | |
| Defendants. | ) | |

This matter is before the court on the motion for return of property (Filing No. 83) filed by defendant Brian Robinson (B. Robinson). B. Robinson attached a brief (Filing No. 83-1) and an index of evidence (Exhibits A-H) in support of the motion for return of property. Defendant Kimberly Santiago Robinson (K. Robinson) filed to join (Filing No. 86) B. Robinson's motion. The government filed a brief (Filing No. 87) opposing the motion. On April 12, 2016, the court held a hearing regarding the motion for return of property. A transcript of the hearing was filed on April 19, 2016 (Filing No. 116).

On May 21, 2015, an Indictment was filed with the District of Nebraska, naming five defendants: B. Robinson, K. Robinson, Cuc Thi Shaeffer, John Acosta, and Antonio Benitez Gonzalez. **See** Filing No. 76 - Summary for Second Superseding Indictment. Count I alleged a conspiracy to violate 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). *Id.* Count II alleged B. Robinson violated 18 U.S.C. §§ 1952(a)(1) and (a)(3). *Id.* The Indictment also contained a forfeiture allegation listing certain property belonging to B. Robinson and K. Robinson. *Id.*

On October 21, 2015, a Superceding Indictment was filed, adding Count III alleging B. Robinson and K. Robinson conspired to violate 18 U.S.C. § 1956(a)(1)(B)(I), and including a "Manner and Means" section. *Id.* Additionally, six banks accounts and one cash seizure was added to the forfeiture allegation. *Id.*

On November 19, 2015, a Second Superceding Indictment was filed, adding four bank accounts to the forfeiture allegation. *Id.*

## FINDINGS OF FACT

On October 23, 2013, the Indiana State Police contacted the Fairfield, California Police Department regarding suspected criminal activity involving a package mailed from Pittsburgh, Pennsylvania to Fairfield, California. **See** Filing No. 70 - Second Superseding Indictment p. 3. The package was addressed to K. Robinson at a P.O. Box in Fairfield and was mailed from B. Robinson at a Pittsburgh address. *Id.* The Fairfield P.O. Box was registered to "S & R Consultants" pursuant to an application by B. Robinson. *Id.* K. Robinson also had access to the P.O. Box. *Id.* at 4.

The first package from Pittsburgh arrived at the Fairfield P.O. Box on October 24, 2013. *Id.* at 3. At the same time, Fairfield law enforcement officers learned of a second package mailed from the same Pittsburgh address by "Pacaproperties" to "SNR Consultants" at the Fairfield P.O. Box. *Id.* A drug dog alerted to both packages. *Id.* Later that day, Fairfield law enforcement saw B. Robinson arrive at a Fairfield residence at the address where the P.O. Box was registered. *Id.* at 4. Soon after his arrival, B. Robinson left the residence to go to the Fairfield Post Office to check the P.O. Box. *Id.* B. Robinson retrieved both packages and left the post office. *Id.* Shortly thereafter, law enforcement officers stopped B. Robinson pursuant to a state warrant and seized both packages. *Id.* Law enforcement found a total of $289,400 in both packages. *Id.*

Law enforcement then searched B. Robinson and K. Robinson's Fairfield residence, discovering a Smith & Wesson .38 caliber pistol; a money counter; 3.5 grams of marijuana; packaging and vacuum packaging supplies; a spreadsheet showing the calculations of a marijuana growing operation; documents showing B. Robinson owned a boat; approximately $20,000 in cash; and various other items. **See** Filing No. 83-2 - Ex. A. Complaint for Forfeiture. Following the search, B. Robinson and K. Robinson were arrested and charged in the Solano County Superior Court for California state law violations. *Id.*

Less than a week later, on October 30, 2013, law enforcement searched two more packages addressed to B. Robinson at the Fairfield P.O. Box sent from Pittsburgh. **See** Filing No. 70 - Second Superseding Indictment p. 4. After obtaining a federal search warrant, law enforcement searched the two additional packages, finding a total of $164,020

in cash. *Id.* On January 23 and 24, 2014, the Drug Enforcement Administration (DEA) provided B. Robinson with statutory notices regarding the seized funds for the currency, other funds and bank accounts, a computer, and a boat. **See** Filing No. 83-2 - Ex. D. On February 6, 2014, the United States Attorney in the Eastern District of California filed a civil action for forfeiture of the $164,020 in cash, claiming the currency was involved in federal drug law violations. **See** Filing No. 83-2 - Ex. A. Complaint for Forfeiture.

On November 13, 2013, law enforcement conducted a search of a parcel of rural property in El Dorado County, California, pursuant to a state search warrant. *Id.* Law enforcement linked B. Robinson's interstate marijuana operation to the property in El Dorado County through documents and receipts seized during the October 24, 2013, search. *Id.* During the search of the El Dorado County property, law enforcement found a dismantled marijuana grow operation, including a shed, two greenhouses, and two clearings used to manufacture marijuana plants. *Id.* Upon further search of the property, law enforcement found: fifty to seventy-five dugout holes used to grow marijuana; marijuana drying racks; a device used to separate marijuana buds from the leaves and/or stems; dozens of cans of butane lighter fluid used to extract THC; two piles of marijuana plants; 115 planting pots containing marijuana plant trunks; and a small amount of processed marijuana. *Id.*

On April 25, 2014, the Seward County, Nebraska Sheriff's Office stopped B. Robinson as he was traveling westbound on Interstate 80. **See** Filing No. 88-1 - Reisz Aff. ¶ 18. During a subsequent search of B. Robinson's vehicle, law enforcement found $380,050 in cash in a duffel bag, multiple other duffle bags smelling of marijuana, and two bags containing small amounts of marijuana. *Id.* B. Robinson told law enforcement the money was earned from gambling. *Id.*

On December 30, 2014, the District Court in the Eastern District of California entered a Stipulation and Order for Dismissal with Prejudice of the civil action for forfeiture of the $164,020 in cash. **See** Filing No. 83-2 - Ex. C Stip. and Order.

On January 8, 2015, the DEA sent a letter to B. Robinson agreeing to return $315,523 in seized cash and $25,040.63 from seized bank accounts. **See** Filing No. 83-2 - Ex. F. On February 3, 2015, $504,831.37 was deposited into B. Robinson's counsel's

client trust account.  **See** Filing No. 83-2 - Ex. G.  On February 24, 2015, a check was distributed from B. Robinson's counsel's client trust account to B. Robinson in the amount of $379,841.37.  **See** Filing No. 83-2 - Ex. H.  In March 2015, B. Robinson deposited the $379,841.37 into one account and later moved the money into various bank and investment accounts and withdrew $100,000 in cash.  **See** Filing No. 83-1 - Memo.

On June 1, 2015, the government seized $244,570.07 in funds from various bank accounts belonging to B. Robinson.  **See** Filing No. 70 - Second Superseding Indictment p. 5-6.  The government also seized $80,000 in cash.  ***Id.***

On November 19, 2015, the Second Superceding Indictment charged B. Robinson, K. Robinson, and three other defendants, with conspiracy to distribute marijuana in violation of 21 U.S.C. § 846 and conspiracy to launder money in violation of 18 U.S.C. § 1956.  **See** Filing No. 70 - Second Superseding Indictment p. 1-3.   B. Robinson is additionally charged with interstate travel with regard to a racketeering enterprise in violation of 18 U.S.C. § 1952.  ***Id.*** at 2.

On February 1, 2016, B. Robinson filed the present motion for return of property regarding the funds seized on June 1, 2015.  **See** Filing No. 83.  B. Robinson seeks return of the property, claiming it was unlawfully seized by the government and he is lawfully entitled to the property.  ***Id.***

## ANALYSIS

### A. Motion for Return of Property

Federal Rule of Criminal Procedure 41(g) provides: "A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return."  The moving party must demonstrate lawful entitlement to the property at issue. ***Jackson v. United States***, 526 F.3d 394, 396 (8th Cir. 2008) (**citing *United States v. Clymore***, 245 F.3d 1195, 1201 (10th Cir. 2001)).  The movant may satisfy this burden "by showing that the property was seized from the movant's possession, as a person from whom property is seized is presumed to have a right to its return." ***Jackson***, 526 F.3d at 396 (**citing *Bailey v. United States***, 508 F.3d 736, 739 (5th Cir. 2007); ***United States v. Kaczynski***, 416 F.3d 971, 974 (9th Cir. 2005); ***United States v. Potes Ramirez***,

4

260 F.3d 1310, 1314 (11th Cir. 2001); **United States v. Chambers**, 192 F.3d 374, 377 (3d Cir. 1999)).  "If a motion for return of property is made while a criminal prosecution is pending, the burden is on the movant to show that he or she is entitled to the property." **United States v. Parsons**, 472 F. Supp. 2d 1169, 1173 (N.D. Iowa 2007) (**quoting Chambers**, 192 F.3d at 377).  Should the movant successfully establish lawful entitlement, the burden shifts to the government to show a "legitimate reason to retain the property." **Jackson**, 526 F.3d at 397 (**citing Kaczynski**, 416 F.3d at 974; **Chambers**, 192 F.3d at 377).  However, this "burden shifts to the government when the criminal proceedings *have terminated*." **Parsons**, 472 F. Supp. 2d at 1173 (**quoting Chambers**, 192 F.3d at 377) (emphasis added).

"A Rule 41(g) motion 'is properly denied if the defendant is not entitled to lawful possession of the seized property, the property is contraband or subject to forfeiture or the government's need for the property as evidence continues.'" **Jackson**, 526 F.3d at 397 (**quoting United States v. Vanhorn**, 296 F.3d 713, 719 (8th Cir. 2002)).  Further, 18 U.S.C. § 981(a)(1)© provides: "Any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of . . . this title or any offense constituting 'specified unlawful activity' . . ., or a conspiracy to commit such offense[ ]" is property subject to forfeiture.

"Possession of a large sum of cash is 'strong evidence' of a connection to drug activity." **United States v. $124,700, in U.S. Currency**, 458 F.3d 822, 826 (8th Cir. 2006) (**quoting United States v. $84,615 in U.S. Currency**, 379 F.3d 496, 501-02 (8th Cir. 2004)).  Moreover, "bundling and concealment of large amounts of currency, combined with other suspicious circumstances, supports a connection between money and drug trafficking."  **$124,700, in U.S. Currency**, 458 F.3d at 826 (**citing United States v. $117,920.00 in U.S. Currency**, 413 F.3d 826, 829 (8th Cir. 2005)).  "The government need not prove the seized currency is linked to any particular drug transaction." **United States v. $48,100.00 in U.S. Currency**, 756 F.3d 650, 655 (8th Cir. 2014).

In this instance, criminal prosecution is pending against B. Robertson and K. Robinson regarding various incidents of suspected drug trafficking beginning in October 2013.  Further, on more than one occasion during law enforcement's searches of B.

5

Robertson and K. Robinson, law enforcement found large sums of cash, indicating strong evidence of connection to drug activity.  Specifically, during the April 2014 traffic stop, law enforcement discovered a large amount of currency with marijuana in B. Robertson's vehicle.  Moreover, there were signs of drug activity found at B. Robinson and K. Robinson's Fairfield residence, in addition to evidence linking B. Robinson's involvement in drug activity taking place at the El Dorado property.  Consequently, the government has a legitimate reason to retain the funds seized as cash and from the bank accounts, until the termination of the present criminal proceedings.

B. Robinson further argues the property should be returned under the doctrine of res judicata.  B. Robinson contends the dismissed forfeiture case in the Eastern District of California regarding the $164,020 in currency precludes the government from seizing his property on June 1, 2015. "Claim preclusion, or res judicata, provides that 'a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.'" **Plough By & Through Plough v. W. Des Moines Cmty. Sch. Dist.**, 70 F.3d 512, 515 (8th Cir. 1995) (**quoting Allen v. McCurry**, 449 U.S. 90, 94 (1980)).  When determining if claim preclusion applies, the court reviews: (1) whether the judgment was final and on the merits with proper jurisdiction, (2) whether the parties are identical in the actions, and (3) whether the claims are based upon the same cause of action.  **Corrado v. Life Inv'rs Ins. Co. of Am.**, 804 F.3d 915, 917-18 (8th Cir. 2015) (**citing In re Varat Enters., Inc.**, 81 F.3d 1310, 1315 (4th Cir. 1996)).

Although B. Robinson claims the principles of res judicata mandate his property be returned, nothing indicates the funds associated with the case in the Eastern District of California are the same funds seized on June 1, 2015.  The mere fact that the previous forfeiture action in the Eastern District of California was dismissed does not preclude the government from seizing currency and property suspected in further and separate criminal activity. Additionally, B. Robinson provided no evidence showing the same currency previously seized is the same currency seized on June 1, 2015.

### B. Joinder

K. Robinson seeks to join B. Robinson's motion for return of property, claiming "a legal and equitable interest in funds seized" due to her status as B. Robinson's spouse on the date of seizure. **See** Filing No. 86 - Joinder ¶ 2. K. Robinson's motion asserts she is "sufficiently 'aggrieved' by the 'unlawful search and seizure or by the deprivation of property'" and is therefore entitled to move for return of the property in question. *Id.* ¶ 3. The government addressed the joinder issue by stating "[K. Robinson] adds neither additional evidence nor case law in support of her position." **See** Filing No. 87 - Response p. 2. This statement constitutes the government's only reference to the request for joinder. *Id.* at 5.

K. Robinson supports her claim for joinder through prior actions demonstrating an interest in funds previously seized from her husband, B. Robinson. These actions include K. Robinson's claim opposing forfeiture (Filing No. 83-2 - Ex. B), a court order returning property to B. Robinson and K. Robinson together (Filing No. 83-2 - Ex. C), notices of seizure served on K. Robinson by the DEA (Filing No. 83-2 - Ex. D), administrative claims for return of property (Filing No. 83-2 - Ex. E), the DEA's letter returning property to both B. Robinson and K. Robinson (Filing No. 83-2 - Ex. F), and the deposit of returned funds into the attorney client trust account (Filing No. 83-2 - Ex. G).

K. Robinson was legally married to B. Robinson at the time of seizure. Further, she previously demonstrated an interest in B. Robinson's property sufficient to file claims for its return, and such claims were honored by the District Court for the Eastern District of California and the DEA. For these reasons, joinder is proper.

**IT IS RECOMMENDED TO CHIEF JUDGE LAURIE SMITH CAMP that:**

1. Kimberly Santiago Robinson's request for joinder (Filing No. 86) be granted.
2. Brian Robinson and Kimberly Santiago Robinson's motion for return of property (Filing No. 83) be denied.

**ADMONITION**

Pursuant to NECrimR 59.2 any objection to this Findings and Recommendation shall be filed with the Clerk of the Court within fourteen (14) days after being served with a copy of this Findings and Recommendation. Failure to timely object may constitute a waiver of any such objection. The brief in support of any objection shall be filed at the time of filing such objection. Failure to file a brief in support of any objection may be deemed an abandonment of the objection.

Dated this 27 day of June, 2016.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge