# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiffs,<br><br>vs.<br><br>BRIAN ROBINSON, KIMBERLY SANTIAGO ROBINSON, CUC THI SCHAEFFER, JOHN ACOSTA, and ANTONIO BENITEZ GONZALEZ,<br><br>Defendants. | 8:15CR178<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on the Findings and Recommendation (F&R), ECF No. 292, issued by Magistrate Judge Susan M. Bazis recommending that the Court grant the Motions to Change Venue to the Eastern District of California, filed by Defendants Kimberly Santiago Robinson, ECF No. 267; Brian Robinson, ECF No. 273; Cuc Thi Schaeffer, ECF No. 276; and Anito Benitez Gonzalez, ECF No. 278. The Government filed an Objection to the Findings and Recommendation, ECF No. 295, as allowed by 28 U.S.C. § 636(b)(1)(C) and NECrimR 59.2(a). Defendants K. Robinson and Schaeffer responded to the Objection. ECF Nos. 297, 298. For the reasons set forth below, the F&R will be adopted, the Objection will be overruled, and the Motions to Change Venue will be granted.

## BACKGROUND

On November 19, 2015, Defendants were charged in a Second Superseding Indictment (Filing No. 70), with conspiracy to distribute marijuana in violation of 21 U.S.C. § 846 (Count I) and conspiracy to launder money in violation of 18 U.S.C. § 1956 (Count

III). B. Robinson was also charged with interstate travel regarding a racketeering enterprise, in violation of 18 U.S.C. § 1952 (Count II). The Second Superseding Indictment also contains a forfeiture allegation against the $380,050.00 in United States currency seized from B. Robinson during a traffic stop in Seward County, Nebraska, in April 2014.

Defendants move to transfer venue to the Eastern District of California, arguing that transfer favors the convenience of the parties, the witnesses, and the interests of justice. The parties entered a joint stipulation of facts that may be considered true for purposes of the motion to transfer. ECF No. 268-2. The F&R contains a more detailed recitation of the stipulated facts. The Court includes a summary of the following stipulated facts as relevant to the Government's Objection:

This case is the result of an investigation into B. Robinson and his alleged movement of marijuana from the area of Sacramento, California, to Pennsylvania, and his alleged movement of marijuana proceeds from Pennsylvania back to California. Those travels, at times, caused B. Robinson to travel through Nebraska. For purposes of this Motion, the parties stipulate that the transportation of money through Nebraska from east to west could constitute a sufficient overt act by a co-conspirator to permit venue in Nebraska under the Constitution.

K. Robinson, Schaeffer, Gonzalez, and John Acosta are named in this case because of their alleged involvement in a marijuana distribution conspiracy with B. Robinson. K. Robinson is also charged due to her alleged involvement in a money laundering conspiracy with her husband, B. Robinson.

All Defendants live in California. Other than their alleged association with B. Robinson in the marijuana conspiracy, Schaeffer, Acosta, and Gonzalez have no association with Nebraska. Likewise, other than her marriage to B. Robinson and her alleged association with B. Robinson in the marijuana and money laundering conspiracies, K. Robinson has no association with Nebraska.

The parties agreed that the potential witnesses they identified in their stipulation would not limit any party's discretion to call witnesses at trial. Of the Government's law enforcement witnesses identified in the stipulation, three are Nebraska officers. Approximately ten officers live and work in California. K. Robinson identified several witnesses who live in California and who are not willing to travel to Nebraska voluntarily to testify.

The parties stipulated they intend to call phone company and cell tower witnesses for trial. These witnesses are expected to testify to cell tower data obtained describing the use of a cell phone belonging to B. Robinson. The parties do not know where the witnesses reside or work. The Government identified a dog training expert who lives and works in El Paso, Texas.

The parties also stipulated that they intend to call several chain-of-custody witnesses. The parties do not know where these witnesses reside or work. The parties identified United States Postal Services employees as witnesses. The relevant postal workers live and work in Pennsylvania, Indiana, and California.

Because of the allegations of financial crimes, the parties have identified potential witnesses who are financial records custodians, or otherwise employed by banks, credit unions, or other financial institutions. Of such institutions, at least three are in California.

The others are headquartered in Delaware, Texas, and Missouri. None of the institutions or financial records witnesses identified is in Nebraska.

Other than the traffic stop in Seward County, Nebraska, the relevant locations in this case are all in California and Pennsylvania. The parcels of real estate on which the marijuana was allegedly grown, and which are implicated in the Government's evidence, are in the Sacramento, California, area. Schaeffer, Acosta, and Gonzalez are included in the alleged marijuana conspiracy partly because of their association/involvement with these California properties.

## STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1)(C), the Court must make a de novo determination of those portions of the findings and recommendation to which the Defendants have objected. The Court may accept, reject, or modify, in whole or in part, the Magistrate Judge's findings or recommendation. The Court may also receive further evidence or remand the matter to the Magistrate Judge with instructions.

## DISCUSSION

Defendants move to transfer under Federal Rule of Criminal Procedure 21(a) and (b). The Magistrate Judge did not address mandatory transfer under Rule 21(a) because she concluded that the convenience of Defendants, witnesses, evidence, and the interests of justice favored discretionary transfer under Rule 21(b). Rule 21(b) states:

> Upon the defendant's motion, the court may transfer the proceeding, or one or more counts against the defendant to another district for the convenience of the parties, any victim and witnesses, and in the interests of justice.

The decision whether to grant or deny a Rule 21(b) motion rests with the sound discretion of the district court. *See United States v. Green*, 983 F.2d 100, 103 (8th Cir. 1992). Defendants bear the burden of proving that transfer is appropriate. *United States v.*

4

*Kanner*, No. 07-CR-1023-LRR, 2008 WL 2663414, at *5 (N.D. Iowa June 27, 2008) (citing 2 *Charles A. Wright,* Federal Practice & Procedure Crim. § 344, at 403 (3d online ed. 2008) ("[I]t is proper to require the defendant, as the moving party, to carry the burden of showing why a transfer would serve the purposes specified in [Rule 21(b)]")). The parties agree that when considering a motion to change venue under Rule 21(b), the Court considers several factors: (1) location of the defendant; (2) location of possible witnesses (3) location of events likely to be in issue; (4) location of documents and records likely to be involved; (5) disruption of defendant's business unless the case is transferred; (6) expense to the parties; (7) location of counsel; (8) relative accessibility of place of trial; (9) docket condition of each district or division involved; and (10) any other special elements which might affect transfer. *Platt v. Minn. Mining & Mfg. Co.*, 376 U.S. 240, 243-44 (1964).

The Government objects to the Magistrate Judge's conclusion that the following factors weighed in favor of transfer: (1) the location of the Defendants; (2) the location of the witnesses and expense to the parties; (3) the location of the events; (4) the location of the documents and records; and (5) the convenience to the parties and disruption to the Defendants' businesses. The Government also objects to the Magistrate Judge's finding that the location of counsel weighed neither for nor against transfer. The Court has reviewed the record and each of the Government's objections and concludes that it will adopt the Magistrate Judge's recommendation.

**1.    Location of Defendants**

The Government argues that the Magistrate Judge erred in weighing this factor in Defendants' favor because "[c]riminal defendants have no constitutional right to a trial in

5

their home districts, nor does the location of a defendant's home have independent significance in determining whether transfer to that district would be 'in the interest of justice.'" *United States v. McManus*, 535 F.2d 460, 463 (8th Cir. 1976)). However, this statement in isolation does not end the Court's analysis. Although recognizing that the government's choice of forum is ordinarily to be respected, the court in *McManus* also stated that "the convenience of the defendants to be tried in the district where they live and work, where their attorneys reside and where the majority of the witnesses live may overcome that presumption." *Id.*

There is no dispute that all defendants in this case reside in the State of California. Other than B. Robinson, who was stopped in Seward County, Nebraska, none of the Defendants has any meaningful connection to Nebraska. Contrary to the Government's assertion, the Magistrate Judge did not conclude that Defendants' location had independent significance in recommending transfer. Rather, the Magistrate Judge concluded that the location of the Defendants, combined with other factors, weighed in favor or transfer. The Magistrate Judge's recommendation is in line with *Platt* and *McManus*, and she correctly concluded that Defendants' location favored transfer.

**2.    Location of Witnesses and Expense to Parties**

Most law enforcement witnesses and Defendants' fact witnesses are located in California. Based on this evidence, the Magistrate Judge concluded that the location of the witnesses strongly favors transfer. The Government, however, "does not concede" this conclusion. The Government first argues that its witnesses will come from around the country, and "Nebraska is right in the middle of it—geographically easier to get to than one of the coasts." Gov. Br. at 4, ECF No. 296, Page ID 2471. The Government cites to

6

no evidence that Nebraska will be a more convenient travel destination than the Eastern District of California.

The Government also argues that the Court's subpoena power can alleviate Defendants' concerns about their witnesses' willingness to travel to Nebraska for trial. Nearly all Defendants' fact witnesses are in California, and K. Robinson presented evidence that most of her witnesses would not be willing to travel to Nebraska voluntarily. The Government argues that the Court can compel these witnesses to testify in Nebraska under Federal Rule of Criminal Procedure 17(b). Rule 17(b) "permits the subpoena of witnesses necessary for an adequate defense and permits the travel expenses of such necessary witnesses to be paid in the same manner as are the expenses of government witnesses under subpoena." *United States v. Moncrieffe*, 48 F. Supp. 2d 1059, 1062 (S.D. Iowa April 30, 2007).

While the Court's subpoena power may alleviate witnesses' concerns about travel expense, it does not make Nebraska a more convenient forum. Requiring witnesses to travel from California to Nebraska likely will disrupt their lives more than if they were to testify in their home state. Further, exercise of the subpoena power would merely shift the cost of attendance to the Government. *See* Fed. R. Crim. P. 17(b). Thus, there is no financial benefit to venue in the District of Nebraska. Most of the identified witnesses are in California and, other than the three law enforcement witnesses identified, the remaining witnesses have no relationship with the State of Nebraska. The Magistrate Judge did not error in concluding that this factor favored transfer.

**3.      Location of Events**

The Government argues that the Magistrate Judge erred in concluding that the location of the events favored transfer. The parties agree that the initial basis for venue is where the alleged crime occurred. The Government asserts that "[v]enue is proper in a conspiracy case in any jurisdiction in which an overt act in furtherance of the conspiracy was committed by any of the conspirators." *United States v. Cordova*, 157 F.3d 587, 597 (8th Cir. 1998)). For purposes of this Motion, the Government asserts that B. Robinson's traffic stop revealed that he may have transported marijuana across Nebraska, thus committing the required overt act.

Even if venue is proper in Nebraska, proper venue does not mandate that trial occur here. The Eighth Circuit has noted that the Government has a choice of venue "in cases involving crimes occurring in more than one judicial district." *McManus*, 535 F.2d at 463. In this case, the Government has acknowledged that "[n]early all of the locations relevant to this prosecution are listed in the joint stipulation and are outside the District of Nebraska." Gov. Br. at 8, ECF No. 289, Page ID 2425. Because most of the events giving rise to the conspiracy allegations occurred in California or involved properties in California, the Magistrate Judge did not err in concluding that this factor favored transfer.

**4.  Location of Documents and Records**

The Government argues that because all documents and records for the Government's case-in-chief can be digitalized and easily transported, the location of documents and records should be considered a neutral factor. However, the record demonstrates that most of the relevant documents were generated outside Nebraska, and many original documents are in California, including ownership records related to California properties.

8

In *In re Apple, Inc.*, 602 F.3d 909, 914 (8th Cir. 2010), the court noted that even in the "age of electronic document transitions" the location of documents and records may weigh in favor of transfer. Because much of Apple Inc.'s documentary evidence was in its headquarters in Cupertino, California, the Eighth Circuit reversed the district court's holding that this factor was neutral, reasoning that "[w]hile electronic filing may lessen the inconvenience of document handling, if the need arises to refer to original documents or evidence in the litigation, Northern California would prove more convenient." *Id.*

While the documents in this case may be digitized, transfer to the Eastern District of California may facilitate evidentiary foundation, if necessary. Accordingly, the Magistrate Judge did not err in concluding that this factor favored transfer.

5.  **Convenience of the Parties/Impact on Defendants' Business**

The Magistrate Judge concluded that trial in California would disrupt Defendants' businesses far less than trial in Nebraska. The Government argues this factor should have weighed neutral because "this will be a long trial, whether it is held in California or Nebraska." Gov. Br. at 5, ECF No. 269, Page ID 2472. The Government cites to *United States v. Kanner*, *supra*, a multi-state drug conspiracy case wherein the Northern District of Iowa held that the impact on the defendants' business weighed neither for nor against transfer. *Id.* at *7. The court reasoned that in complex prosecution, "[d]efending a massive case like this one would be expensive in any forum and, every life is significantly disrupted during a trial wherever it is held." *Id.* (citing *United States v. Stein,* 429 F.Supp.2d 633, 645 (S.D.N.Y. 2006) (internal quotation marks omitted).

The court's reasoning in *Kanner* is distinguishable from the circumstances of this case. In *Kanner*, the defendant seeking transfer offered no evidence as to the disruption

of his business. Here, Defendants each offered evidence not only of the hardship to their businesses that would occur if trial were conducted in Nebraska, but also presented evidence that they could continue to manage their businesses to some extent if trial took place in California. The Government's argument—that this factor should be neutral because trial anywhere is disruptive—would essentially eliminate this factor from the *Platt* analysis. The Magistrate Judge reasonably concluded that this factor weighs in favor or transfer.

## CONCLUSION

For the reasons discussed, the Findings and Recommendation will be adopted, and the Motions to change venue will be granted.

IT IS ORDERED:

1. The Findings and Recommendation, ECF No. 292, issued by Magistrate Judge Susan M. Bazis, are adopted in their entirety;

2. The Motions to Change Venue to the Eastern District of California, filed by Defendants Kimberly Santiago Robinson, ECF No. 267; Brian Robinson, ECF No. 273; Cuc Thi Schaeffer, ECF No. 276; and Anito Benitez Gonzalez, ECF No. 278, are granted;

3. The Government's Objection to the Findings and Recommendation, ECF No. 295, is overruled; and

4. The Clerk of Court is directed to transfer this case to the United States District Court for the Eastern District of California.

Dated this 29th day of June, 2018.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge

10